UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR ADJUSTABLE RATE MORTGAGE TRUST 2005-4, ADJUSTABLE RATE MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-4,<br><br>Plaintiff<br><br>v.<br><br>FIDELITY NATIONAL TITLE GROUP, INC.; CHICAGO TITLE INSURANCE COMPANY; and TICOR TITLE OF NEVADA, INC.,<br><br>Defendants | Case No.: 2:21-cv-01186-APG-BNW<br><br>**Order Granting Motion to Remand and Denying Motion for Attorneys' Fees**<br><br>[ECF Nos. 7, 8] |

    Defendant Chicago Title Insurance Company removed this case to this court before any defendant was served with process. Plaintiff U.S. Bank, National Association moves to remand the case to state court, claiming that removal is barred by the forum defendant rule of 28 U.S.C. § 1441(b)(2). The forum defendant rule bars removal based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The issue presented is whether a non-forum defendant may remove a case before any defendant was served when one of the defendants is a citizen of the forum state. Because removal of this case was premature, I grant the motion to remand the case. I deny U.S. Bank's motion for attorneys' fees.

    U.S. Bank filed this action in state court on June 21, 2021. ECF No. 1-1 at 30. It sued Fidelity National Title Group, Inc., Chicago Title, Ticor Title of Nevada, Inc. (Ticor), and various Doe Defendants. *Id.* at 1. Ticor is the only defendant that is a Nevada entity. *Id.* at 3.

The day after the complaint was filed, Chicago Title removed the case to this court. None of the defendants had been served when the case was removed. This tactic of removing a diversity case before a forum defendant has been served is termed a "snap removal." The goal is to avoid the bar against removal that exists when any defendant "properly joined and served" is a forum defendant. 28 U.S.C. § 1441(b)(2). U.S. Bank argues that removal was improper because Ticor is a forum defendant and Chicago Title's snap removal violated § 1441(b)(2). Chicago Title responds that Ticor was fraudulently joined as a party, so it must be ignored for diversity purposes, and the fact it had not been served does not preclude removal.

**ANALYSIS**

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (simplified). This burden on a removing defendant is especially heavy because "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* at 773-74 (simplified); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citation omitted).

    **A. Ticor was not fraudulently joined.**

Chicago Title argues I should ignore Ticor for removal purposes because U.S. Bank cannot maintain any claims against Ticor. Specifically, Chicago Title contends that U.S. Bank lacks standing to sue any of the defendants, that Ticor has no contractual or legal obligation to indemnify U.S. Bank under the subject insurance policy, and that U.S. Bank's claims against

Ticor are time-barred.  U.S. Bank responds that it has standing to assert its claims, and that its claims against Ticor go beyond the policy and were timely filed.

"[U]nder the fraudulent-joinder doctrine, joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (simplified).  "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

U.S. Bank's complaint asserts potentially valid claims against Ticor.  Chicago Title focuses on the obligations under the title policy, but it ignores U.S. Bank's non-contractual claims and allegations regarding Ticor's alleged breach of contract, misrepresentations, and violations of Nevada statutes.  U.S. Bank alleges that its predecessor-in-interest contracted with Ticor to obtain a title policy, but that Ticor breached that contract by not providing the proper policy, and misrepresented that the policy it provided would cover losses ultimately caused by the lien that gave rise to this dispute. ECF No. 1-1 ¶¶ 76-80, 148, 158-161.  U.S. Bank also brings a deceptive trade practices claim against Ticor for "misrepresenting the quality and characteristics of the [p]olicy furnished to U.S. Bank Trustee's predecessor and making false representations" regarding the policy Ticor was engaged to provide. *Id.* ¶¶ 167-178.

Chicago Title also argues that U.S. Bank lacks standing to assert its claims against any of the defendants, and that its claims against Ticor are time-barred by the applicable statutes of limitation.  U.S. Bank responds that its predecessor-in-interest validly assigned to U.S. Bank its rights to the subject deed of trust, so it has standing to pursue claims under the policy insuring it.

ECF No. 20 at 4, 14. It also argues that the limitation period on its claims did not start to run until after either the underlying state court litigation concluded or U.S. Bank discovered the relevant "internal guides and manuals that concede coverage." *Id.* at 13-14. Thus, it argues, its claims are timely. At this point, U.S. Bank has credible arguments that its claims against Ticor are not time-barred, so its claims do not obviously fail under Nevada law. *Weeping Hollow*, 831 F.3d at 1113.

Chicago Title has not shown by clear and convincing evidence that U.S. Bank's claims against Ticor obviously fail under Nevada law. Ticor was not fraudulently joined as a defendant in this case. Because it is a forum defendant, § 1441(b)(2) applies.

**B. Chicago Title's snap removal was improper under 28 U.S.C. § 1441(b)(2).**

Chicago Title contends that, even if Ticor is a legitimate defendant, § 1441(b)(2) is not a bar to removal because Ticor had not been "properly joined and served" at the time of removal as required under that statute. U.S. Bank responds that snap removals like this violate the purpose of § 1441(b)(2), which is to preserve a plaintiff's choice of a state court forum by suing a proper forum defendant. The question is thus whether a non-forum defendant is permitted to remove a diversity case before any defendants have been served.

I have previously ruled that the language of § 1441(b)(2) and the purposes underlying it are better served by disallowing removal before any defendant is served. *See, e.g., HSBC Bank USA, Nat'l Ass'n as Tr. for People's Choice Home Loan Sec. Tr. Series 2005-2 v. Old Republic Nat'l Ins. Grp., Inc.*, No. 2:20-cv-01838-APG-VCF, 2020 WL 7360679, at *2-3 (D. Nev. Dec. 15, 2020); *Wells Fargo Bank, N.A., as Tr. of Holders of Harborview Mortg. Loan Tr. Mortg. Loan Pass-Through Certificates, Series 2006-12 v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-cv-

01849-APG-NJK, 2020 WL 7388621, at *2-3 (D. Nev. Dec. 15, 2020). Chicago Title's latest arguments in favor of snap removal do not change my opinion.

Chicago Title's removal was premature because no defendant had been served. As a result, I must remand the case to state court. I deny U.S. Bank's motion for attorneys' fees because while removal was improper, it was not frivolous or objectively unreasonable. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

**CONCLUSION**

I THEREFORE ORDER that U.S. Bank's motion to remand **(ECF No. 7) is GRANTED** and its motion for attorneys' fees **(ECF No. 8) is DENIED**. This case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED this 30th day of March, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE